**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ORLANDO VELASCO, | No. 19-71298 |
| Petitioner, | Agency No. A073-411-852 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Luis Orlando Velasco, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C § 1252. We

review for abuse of discretion the BIA's denial of a motion to reopen, and we

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law, including claims of due process violations due to ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Velasco's motion to reopen as untimely. The motion was filed over six years after the order of removal became final. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Velasco failed to establish ineffective assistance of prior counsel on account of which equitable tolling of the filing deadline may have applied. *See Mohammed*, 400 F.3d at 793 (to demonstrate ineffective assistance of counsel, a petitioner must show counsel failed to perform with sufficient competence); *see also Torres-Chavez v. Holder*, 567 F.3d 1096, 1100 (9th Cir. 2009) (an attorney's conduct is evaluated "from counsel's perspective at the time"); *Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir. 2003) (equitable tolling of deadlines for motions to reopen may apply "when a petitioner is prevented from filing because of deception, fraud, or error"). Velasco also failed to demonstrate changed country conditions in El Salvador to qualify for a regulatory exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 991-92 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to introduce material evidence of changed country conditions).

We reject as unsupported by the record Velasco's contentions that the BIA

ignored evidence or otherwise erred in its analysis of his claims.

Velasco's request, raised in his opening brief, for judicial notice is denied.

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**